UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: <br><br>**JACQUELINE CASH and ERIC REID** <br><br>     Debtors | CHAPTER 11 <br><br> case No. 21-10475-BAH |
| Jacqueline Cash and Eric Reid, <br><br>     Debtors <br><br> v. <br><br> Chinn Legal Group, LLC d/b/a Slate Legal Group, <br><br>     Defendant | Adv. Pro. No. _____ |

**COMPLAINT**

The Debtors, **Jacqueline Cash** ("Dr. Cash") and **Eric Reid** (individually, "Mr. Reid" and, collectively with Dr. Cash, the "Debtors") respectfully complain against the Defendant, **Chinn Legal Group, LLC d/b/a Slate Legal Group** ("Slate" and/or the "Defendant") as follows:

**INTRODUCTION AND REQUESTED RELIEF**

In this Complaint, the Debtors seek an order which, among other things: (**1**) requires the Defendant to immediately turn over to the Debtors all money, which is estimated to be $45,000 (the "Deposits") and any other property belonging to the Debtors that is in the possession or control of the Defendant (the "Subject Property"), (**2**) awards the Debtors interest on the Deposits at the statutory rate and an amount equal to the attorneys' fees, costs and expenses

incurred in filing and prosecuting this Complaint filed after the Defendant refused to discuss its representation of the Debtors with counsel to the Debtors and refused to turn over the Subject Property in response to a written request therefor made by the Debtors to prevent damage to the Debtors' Chapter 11 bankruptcy estate (the "Estate") and (**3**) grants the Debtors such further relief as may prove to be fair and equitable or lawful.

## PARTIES, JURISDICTION AND VENUE

**1.**     The Debtors are the debtors and debtors in possession in this case.

**2.**     On information and belief, the Defendant is a Domestic Limited Liability Company duly organized under the laws of the State of Georgia, which purports to be a private law firm and a federally designated Debt Relief Agency with offices at and a mailing address of 100 Hartsfield Centre Parkway, Suite 500, Atlanta, GA 30354 and a registered agent of Valerie Chinn at 245 N. Highland Ave., Suite 230 #7, Atlanta, GA 30307.

**3.**     This Court has jurisdiction over the subject matter of this adversary proceeding (this "Adversary") under 28 U.S.C. §§ 157(a) and 1334.

**4.**     The cause of action asserted pursuant to Code Section 542 is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E) and (O).

**5.**     As required by F.R.B.P. 7008, the Debtors consents to the entry of final orders and a judgment by the Bankruptcy Court.

**6.**     Venue is proper under 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**7.**     On or about August 4, 2021, the Debtors filed the Voluntary Petition which commenced this case ((the "Petition Date" and the "Voluntary Petition").

**8.**     This Court entered an order for relief on the Petition Date.

9. On September 1, 2021, the Debtors filed their Statement of Financial Affairs (the "SOFA"), Schedules (individually a "Schedule" and collectively, the "Schedules") and the other pleadings required to be filed in support of the Voluntary Petition [Doc. 27] (collectively with the SOFA, the Schedules and the Voluntary Petition, the "Petition").

10. On or about March 6, 2020, Dr. Cash entered into a Client Retainer Agreement with the Defendant (the "Representation Agreement"), which includes a broad "Arbitration Agreement," which requires the parties to arbitrate any "controversy, claim or dispute between [the Debtors] on the one hand, and [the Defendant], on the other hand" arising out of or relating to this agreement."

11. The arbitration agreement does not apply to the statutory, turnover and automatic stay violation claims asserted in this adversary proceeding.

12. Pursuant to the Representation Agreement, the Debtors made deposits to the "Dedicated Account" for "use in making payments toward any settlement negotiated by the Defendant paying [the Defendant's] fees under the terms of the Agreement."

13. The Agreement provides that "[a]ll funds in Client's Dedicated Account shall remain under [the Debtors'] control at all times and may be withdrawn by" the Debtors "at any time."

14. The Agreement obligates the Defendant to return the Deposits to the Debtors within 7 days of being requested to do so.

15. The Defendant has blocked the Debtors access to the Dedicated Account.

16. On information and belief, approximately $45,000 is on deposit in the Dedicated Account that constitutes property of the estate.

17. The Debtors telephoned the Defendant to discuss the scope and results of their

representation of the Debtors, but the Defendant refused to discuss the issues without an authorization signed by Dr. Cash.

18. The Debtors sent the Defendant the requested authorization, which specifically authorized the Defendant to talk with the Debtors closes counsel.

19. On October 5, 2021, the Debtors made a formal, written demand on the Defendants for the turn over the Subject Property to William S. Gannon, Esq., counsel of record in this Bankruptcy case (the "Turnover Demand").

20. In support of the Turnover Demand, the Debtors' attached a copy of the order of this Court, which authorized the Debtors to retain counsel.

## COUNT I

### TURNOVER PURSUANT TO SECTION 542 OF THE BANKRUPTCY CODE

21. The Debtors incorporate each and every allegation made in the preceding and succeeding paragraphs as fully as if set forth at length.

22. The Debtors owned the Subject Property on the Petition Date.

23. The Debtors own the Subject Property on the date of this Complaint.

24. The Subject Property is property of the Estate within the meaning of Section 541 of the Code.

25. The Defendant has always claimed to have possession, custody and control of the Subject Property.

26. The Debtors have the right to "use, sell, or lease [the Subject Property] under section 363" of the Code.

27. The Subject Property, which is primarily cash or a cash equivalent, is of more than "inconsequential value or benefit to the estate."

28. The Defendant has refused to turn the Subject Property over to the Debtors.

29. The Defendant is withholding the Subject Property from the Debtors and has exercised dominion and control over such Subject Property despite the Defendant's knowledge of this case and the Defendant's duty to turn the Subject Property over to the Debtors pursuant to Code Section 542.

30. In consequence of the Defendant's violation of Code Section 542, the Debtors requests this Court to grant the Debtors the relief requested herein.

## COUNT II

### VIOLATION OF AUTOMATIC STAY IMPOSED BY CODE SECTION 362(a)(3)

31. The Debtors incorporate each and every allegation made in the preceding and succeeding paragraphs as fully as if set forth at length.

32. The Defendant has actual knowledge of this Bankruptcy case and the fact that the Subject Property is property of the Estate.

33. Code Section 362(a) reads, in pertinent part, as follows:

> (a)  Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of -
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate ….

34. The Defendant has exercised and is exercising control over the Subject Property.

35. By withholding the Subject Property from the Debtors, the Defendant has violated the automatic stay.

36. In consequence of the Defendant's violation of Code Section 362, the Debtors requests this Court to grant the Debtors the relief requested herein.

**WHEREFORE,** the Debtors respectfully requests this Court to:

A. Determine that the Subject Property constitutes property of the Estate;

B. Direct the Defendant to turn over the Subject Property to the Debtors immediately;

C. Determine that the Defendant has violated and is violating the automatic stay;

D. Award the Debtors an amount equal to the costs and expenses incurred by the Debtors in filing and prosecuting this Complaint to prevent damage to the Debtors or the Estate and deter the Defendant from taking or retaining possession of property of the Estate, failing to disclosure property of the estate known to him or exercising dominion or control thereof in the future; and

E. Grant the Debtors such further relief as may prove to be fair and equitable or lawful under the facts proven at trial.

Respectfully submitted,

DATED: October 19, 2021  /s/ William S. Gannon
William S. Gannon, BNH 01222 (NH)

Counsel for

**JACQUELINE CASH and ERIC REID**

WILLIAM S. GANNON PLLC
740 Chestnut Street
Manchester NH  03104
PH: 603-621-0833
FX: 603-621-0830
bgannon@gannonlawfirm.com